```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


FANDREA NAZIR,                    §
                                  §
              Plaintiff,          §
                                  §
v.                                §   CIVIL ACTION NO. H-09-2902
                                  §
WAL-MART STORES, TEXAS LLC        §
752-PASADENA, TEXAS,              §
                                  §
              Defendant.          §
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Fandrea Nazir, brings this action against defendant, Wal-Mart Stores Texas, LLC 752-Pasadena, Texas, for employment discrimination on the basis of race, color, sex, religion, national origin, and for retaliation and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e. Pending before the court is Defendant Wal-Mart Stores Texas, LLC's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 2). For the reasons explained below, defendant's motion to dismiss will be granted, and this action will be dismissed.

### I. Factual and Procedural Background

On August 3, 2009, plaintiff filed an Employment Discrimination Complaint in state district court. In her complaint

plaintiff alleges that because of her race, color, sex, religion, and national origin, the defendant has

> refused to transfer associate to nearby store; retaliated with micro- management when associate complained to local and district management about hostile work environment; instructed plaintiff to locate a store manager in order to receive an employee discount where the discount is given to Caucasian and Hispanics; submitted lower hourly pay than new hires; given shortened lunches and missed break periods; detained and threatened by associate for over 2 hours on June 24, 2007 to be falsely accused of theft incidents the week of June 17, 2007; continued re-activation of attendance coaching in order to delay a store transfer; threatened with removal if tardy; qualified but refused to work service desk breaks.
>
> 8.   The plaintiff requests that the defendant be ordered:
>
> (a)  ☑    to stop discriminating against the plaintiff
>
> (b)  ☐    to employ the plaintiff
>
> (c)  ☑    to re-employ the plaintiff
>
> (d)  ☑    to promote the plaintiff
>
> (e)  ☑    to <u>clear plaintiff employment record, request dismissal of charges against plaintiff, compensation for defamation and damage of reputation</u> and that;
>
> (f)  ☑    the Court grant other relief, including injunctions, compensatory damages, costs and attorney's fees, and restitution
>
> (g)  ☑    to grant employee pen position (on call).[1]

Attached to plaintiff's complaint is a copy of the charge that she filed with the Equal Employment Opportunity Commission (EEOC) on December 24, 2008. In that charge plaintiff stated that

---

[1] Employment Discrimination Complaint, included in Notice of Removal, Docket Entry No. 1, ¶¶ 7-8.

>   I.  On June 24, 2007, I was wrongfully accused and terminated of theft.  I was detained by company's security and jailed in the Pasadena Police Department for three days.  In October 2008, I found out that a Black male employee was not treated as badly under similar circumstances.
>
>   II.  During my employment, I was denied a transfer by Mr. Bill L[ast] N[ame] U[nknown], Mr. Kelly, and Ms. Janice L[ast] N[ame] U[nknown]. Other employees were granted their requests.  I was also being paid lower than my peers.  The Customer Service Manager Ms. Kathy L[ast] N[ame] U[nknown] reprimanded me in front of my peers.  I was forced to take late breaks and short lunches.  For a month, management failed to honor my employee discount while I was waiting to receive my replacement card.  I reported these unfair management practices, but to no avail.  In retaliation, my hours were subsequently decreased, and my employment was terminated.  To my knowledge, the company has categorized me as ineligible for rehire.
>
>   III. I believe I have been discriminated against because of my age (40), in violation of the Age Discrimination in Employment Act of 1967, as amended; disability, in violation of the Americans with Disabilities Act of 1990, as amended; color, gender (female), and religion (Muslim), in violation of Title VII of the Civil Rights Act of 1964, as amended.  I further believe I have been retaliated against by management for reporting unfair practices.[2]

On September 8, 2009, Wal-Mart filed a Notice of Removal (Docket Entry No. 1), pursuant to which this action was removed from state to federal court, and Defendant Wal-Mart Stores Texas, LLC's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 2). Although almost two months have passed since September 8, 2009, when Wal-Mart filed its pending motion to dismiss, plaintiff has not responded to the motion.

---

[2]Charge of Discrimination Exhibit A attached to Employment Discrimination Complaint, included in Notice of Removal, Docket Entry No. 1.

Local Rule 7.3 provides that: "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel." S.D.Tex.R. 7.3 (2000). Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition. Responses to motions
>
> A.   Must be filed by the submission day;
>
> B.   Must be written;
>
> C.   Must include or be accompanied by authority; and
>
> D.   Must be accompanied by a separate form order denying the relief sought.

S.D.Tex.R. 7.4 (2000). In accordance with Local Rule 7.4, the court takes plaintiff's failure to respond to Wal-Mart's motion to dismiss as a representation of no opposition to the factual and legal arguments made by Wal-Mart in that motion. See Eversley v. MBank Dallas, 843 F.2d 172, 173-174 (5th Cir. 1988) (noting that when the nonmovant fails to respond, the court may properly accept the factual allegations of the movant as undisputed).

## II.  Wal-Mart's Motion to Dismiss

Wal-Mart moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff failed to exhaust her administrative remedies for any claims that she may be attempting to assert for hostile work environment and/or national origin discrimination in violation of Title VII, and because plaintiff's Title VII claims for color, sex, and religious discrimination and

for retaliation, as well as any state law claims that plaintiff may be attempting to assert for defamation and/or false imprisonment, are time barred.[3]

## A.   Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)).  To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  A statute of limitations defense may

---

[3]Defendant Wal-Mart Stores Texas, LLC's Rule 12(b)(6) Motion to Dismiss, Docket Entry No. 2, pp. 3-6.

be asserted by a Rule 12(b)(6) motion when that defense appears on the face of the complaint.  See Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 n.3 (5th Cir. 1997) (citing Kansa Reinsurance Co. Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994)).

In considering a Rule 12(b)(6) motion to dismiss, a court must limit itself to the contents of the pleadings, with two exceptions. In Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000), the Fifth Circuit approved the district court's consideration of certain documents the defendant attached to a motion to dismiss, and to which the plaintiff did not object.  The Fifth Circuit has since explained that a district court's consideration of documents attached to a motion to dismiss is "restricted . . . to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Tex. A & M University, 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins, 224 F.3d at 498-99).  Nevertheless, courts may also take judicial notice of matters of public record when deciding a Rule 12(b)(6) motion.  See Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir.), cert. denied, 115 S.Ct. 189 (1994)).

**B.   Analysis**

Wal-Mart argues that plaintiff's complaint is subject to dismissal for failure to state a claim for which relief may be

-6-

granted because plaintiff's Title VII claims for color, sex, and religious discrimination, and for retaliation, as well as any state law claims that plaintiff may be attempting to assert for defamation and/or false imprisonment, are barred by limitations, and because plaintiff has failed to exhaust her administrative remedies for any claims that she may be attempting to assert for hostile work environment and/or national origin discrimination.[4]

1. <u>Failure to Exhaust Administrative Remedies</u>

Defendant argues that any claims that plaintiff may be attempting to assert for hostile work environment and/or national origin discrimination in violation of Title VII should be dismissed because plaintiff failed to exhaust her administrative remedies by filing a charge of discrimination with the EEOC. The court agrees.

It is well settled that courts may not entertain claims brought under Title VII for which an aggrieved party has not first exhausted her administrative remedies by filing a timely charge of discrimination with the EEOC and receiving a statutory notice of right to sue. See <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378-79 (5th Cir. 2002), <u>cert. denied</u>, 123 S.Ct. 1287 (2003). <u>See also</u> 42 U.S.C. § 2000e-5(e)(1). While not uniformly viewed as a jurisdictional prerequisite to suit, the filing of an EEOC charge "is a precondition to filing suit in district court." <u>Taylor</u>, 296

---

[4]<u>Id.</u>

F.3d at 379 (quoting Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996)). The filing of an EEOC charge triggers an investigation and a process pursuant to which voluntary compliance may be obtained and discriminatory practices and policies eliminated. Requiring the plaintiff first to state her allegations of employment discrimination in an EEOC charge serves "Congress' intention to promote conciliation rather than litigation in the Title VII context." Burlington Industries, Inc. v. Ellerth, 118 S.Ct. 2257, 2270 (1998). Civil complaints filed under Title VII may only encompass "discrimination like or related to allegations contained in the [EEOC] charge and growing out of such allegation during the pendency of the case before the Commission." National Association of Government Employees v. City Public Service Board of San Antonio, Texas, 40 F.3d 698, 711 (5th Cir. 1994). Thus, the failure to assert a claim of discrimination in an EEOC charge and/or its lack of development in the course of a reasonable investigation of that charge precludes the claim from later being brought in a civil suit.

The complaint now before the court is expressly based on the charge that plaintiff filed with the EEOC on December 24, 2008. In that charge the plaintiff checked boxes to allege discrimination based on color, sex, religion, retaliation, age, and disability, but did not check the boxes for discrimination based on national origin or "other" and did not state in the supporting "particulars"

that she was alleging that Wal-Mart had subjected her to a hostile work environment.[5]  Moreover, plaintiff has not responded to defendant's argument that her claims for discrimination based on national origin and/or for hostile work environment in violation of Title VII are subject to dismissal for the failure to exhaust administrative remedies.  In accordance with Local Rule 7.4, the court takes plaintiff's failure to respond as a representation of no opposition to defendant's argument that her claims for discrimination based on national origin and for hostile work environment in violation of Title VII are subject to dismissal for the failure to exhaust administrative remedies.  Because the charge that plaintiff filed with the EEOC on December 24, 2008, did not include allegations that Wal-Mart discriminated against her on the basis of her national origin or that Wal-Mart subjected her to a hostile work environment, and because plaintiff has failed to respond to Wal-Mart's assertion that these claims are subject to dismissal for failure to exhaust administrative remedies, Wal-Mart's motion to dismiss these claims will be granted.

2. <u>Limitations</u>

Wal-Mart contends that plaintiff's Title VII claims for discrimination based on color, sex, and religion, and for

---

[5]Charge of Discrimination Exhibit A attached to Employment Discrimination Complaint, included in Notice of Removal, Docket Entry No. 1.

retaliation, as well as any state law claims that plaintiff may be attempting to assert for defamation and/or false imprisonment are time barred.

      (a)   Federal Law Claims

Wal-Mart argues that plaintiff's claims for discrimination based on color, sex, and religion, and for retaliation in violation of Title VII are time barred because the EEOC charge on which these claims are based was not timely filed within 300 days of the acts about which plaintiff complains.  Wal-Mart contends that these claims cannot be saved by equitable estoppel or equitable tolling because plaintiff has not alleged that she is entitled to equitable relief from the requirement to file a timely charge with the EEOC, and because on July 11, 2007, plaintiff filed a timely charge of race discrimination and retaliation that could and should have included the allegations of color, sex, and religious discrimination made in the charge that she filed on December 24, 2008. Wal-Mart argues that the fact that plaintiff filed a timely charge of discrimination in July of 2007 proves that she could and should have included charges of discrimination based on color, sex, and religion in that previously filed charge.  The court agrees.

      **(1)   Applicable Law**

Title VII provides that a charge of discrimination shall be filed with the EEOC "within one hundred and eighty days after the

alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Because Texas is a deferral state, plaintiff had 300 days from the date of her termination within which to file a timely charge of discrimination with the EEOC. See Blumberg v. HCA Management Co., Inc., 848 F.2d 642, 645 (5th Cir. 1988), cert. denied, 109 S.Ct. 789 (1989) (recognizing that Texas became a deferral state when the Texas Commission on Human Rights was established); Edelman v. Lynchburg College, 122 S.Ct. 1145, 1152 n.15 (2002) (recognizing that when the locale of the purported discriminatory employment practice is a deferral state, Title VII extends the EEOC charge filing period from 180 to 300 days).

The Supreme Court has held that the EEOC charge filing requirements are akin to a statute of limitations and thus are subject to the doctrines of waiver, estoppel, and equitable tolling. Zipes v. Trans World Airlines, Inc., 102 S.Ct. 1127, 1132 (1982); Tyler v. Union Oil Company of California, 304 F.3d 379, 391 (5th Cir. 2002). Although the terms "estoppel" and "tolling" are often used interchangeably, "estoppel" relates to situations in which the defendant's misconduct prevented the plaintiff from complying with the deadline, while "tolling" focuses on whether the plaintiff acted with reasonable prudence. See Baker v. Peters, 145 F.Supp.2d 1251, 1257 (M.D. Ala. 2000), aff'd, 254 F.3d 1085 (11th Cir. 2001) (citing Cocke v. Merrill Lynch & Co., Inc., 817 F.2d 1559, 1561 (11th Cir. 1987)). The applicability of either doctrine is a question of law. See Tyler, 304 F.3d at 391 (citing Rhodes v.

Guiberson Oil Tools Division, 927 F.2d 876, 881 (5th Cir.), cert. denied, 112 S.Ct. 198 (1991)). The Supreme Court has cautioned courts that they must apply these equitable doctrines sparingly. See National Railroad Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2072 (2002). See also Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002) (equitable exceptions apply only in "rare and exceptional circumstances"). The party who seeks to invoke an equitable exception to the limitations period bears the burden of demonstrating that it applies in her case. Id. See also Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002).

### (2) Application of Law to the Facts

The plaintiff's complaint is expressly based on the charge that plaintiff filed with the EEOC on December 24, 2008. In that charge plaintiff stated that "[o]n June 24, 2007, I was wrongfully accused and terminated of theft. I was detained by company's security and jailed in the Pasadena Police Department for three days. In October 2008, I found out that a Black male employee was not treated as badly under similar circumstances."[6] These statements show that any act of Wal-Mart's about which the plaintiff complains occurred on or before June 24, 2007, the date on which Wal-Mart terminated the plaintiff's employment. Since plaintiff did not file the charge of discrimination upon which her claims are based until December 24, 2008, i.e., 18 months after Wal-Mart

---

[6]Id.

discharged her, the charge of discrimination that plaintiff filed with the EEOC on December 24, 2008, was not timely filed within 300 days of the acts about which she complained.  To the extent that plaintiff may be attempting to contend that the charge she filed on December 24, 2008, was nonetheless timely because "[i]n October 2008, [she] found out that a Black male employee was not treated as badly under similar circumstances,"[7] the court rejects such a contention as unfounded because in this circuit a plaintiff's discrimination claims accrue on the date of the alleged discriminatory acts, not on some future date when the plaintiff discovers that the act may have been motivated by discriminatory animus.  See Pacheco v. Rice, 966 F.2d 904, 906-07 (5th Cir. 1992) (citing Merrill v. Southern Methodist University, 806 F.2d 600, 605 (5th Cir. 1986) (limitations period of 42 U.S.C. § 2000e-5(e) begins to run when a plaintiff knows or reasonably should know that the discriminatory act has occurred, not when he or she first perceives that a discriminatory motive caused the act).  Moreover, plaintiff has not responded to Wal-Mart's argument that her claims for color, sex, and religious discrimination and for retaliation in violation of Title VII are barred by limitations due to her failure to file a timely charge of discrimination with the EEOC.  Pursuant to Local Rule 7.4, the court takes plaintiff's failure to respond as a representation of no opposition to Wal-Mart's contention that

---

[7]Id.

it is entitled to dismissal of plaintiff's claims for Title VII discrimination and retaliation because these claims are time barred.

### (3) Conclusions

Because the charge that plaintiff filed with the EEOC on December 24, 2008, was filed more than 300 days after the acts about which the plaintiff complains and because plaintiff has failed to respond to Wal-Mart's assertion that her Title VII claims for discrimination based on color, sex, and religion, and for retaliation are subject to dismissal for failure to file a timely charge with the EEOC, Wal-Mart's motion to dismiss these claims as time barred will be granted.

(b)  State Law Claims

Wal-Mart argues that any claims plaintiff may be attempting to assert for defamation and/or false imprisonment based on state law are time barred by the statute of limitations because plaintiff filed her complaint more than two years after the underlying acts occurred.  The court agrees.

Plaintiff's allegations that she was "detained and threatened by associate for over 2 hours on June 24, 2007 to be falsely accused of theft incidents the week of June 17, 2007,"[8] may assert causes of action for defamation and false imprisonment under state

---

[8] Employment Discrimination Complaint, included in Notice of Removal, Docket Entry No. 1, ¶ 7.

law.  In Texas the limitations period for bringing a cause of action for defamation is one year, Tex. Civ. Prac. & Rem. Code § 16.002(a), and the limitations period for bringing a cause of action for false imprisonment is two years, Tex. Civ. Prac. & Rem. Code § 16.003(a).  Because the complaint initiating this action was filed on August 3, 2009, more than two years after June 24, 2007, -- the date on which Wal-Mart detained the plaintiff, accused her of theft, and discharged her -- and because plaintiff has failed to respond to Wal-Mart's assertion that any state law claims that she may be attempting to assert for defamation and/or false imprisonment arising from these acts are time barred, Wal-Mart's motion to dismiss any state law claims that plaintiff may have asserted or attempted to assert for defamation and/or false imprisonment will be granted.

### III.  Conclusions

For the reasons explained above, Defendant Wal-Mart Stores Texas, LLC's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 2) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 4th day of November, 2009.

                                        SIM LAKE
                           UNITED STATES DISTRICT JUDGE